UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re	Chapter 13
Anna Nicole Stevens,	Case No. 14-33862-svk
      Debtor.

DECISION AND ORDER ON
EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S
MOTION TO DISMISS

      The Debtor's confirmed Chapter 13 plan (the "Plan") provides that the Debtor's student loans are "deemed current" during the Plan and after the Plan's completion. Educational Credit Management Corporation ("ECMC"), the holder of the Debtor's government-guaranteed student loan, moved to dismiss the case on account of the provision. (ECF No. 27.) The Debtor filed a response denying that her Plan is contradictory to the Bankruptcy Code, (ECF No. 28), and the Court held a hearing on October 6, 2015. The Court requested further briefing, and the parties have submitted briefs. (ECF Nos. 33, 34.)

      The following provision forms the basis for ECMC's contention that the Plan was not confirmable: "Claim [sic] subject to 11 U.S.C. § 523(a)(8) shall be treated as if current during the plan and at the completion of the plan shall be non-dischargeable and deemed current." (ECF No. 33 at 1.) ECMC suggests that the Plan violates 34 C.F.R. § 682.405(a)(1)-(2) (2009) (the "Regulation"), which outlines the methods for a federally-guaranteed student loan to be "rehabilitated." Interpreting the Debtor's "deemed current" language as "deemed rehabilitated," ECMC contends that the Plan contains a provision that is forbidden by law in violation of 11 U.S.C. § 1325(a)(3). As a result, ECMC argues that the Debtor's plan was filed in bad faith, and the case should be dismissed under § 1307(c).

Having reviewed the Regulation and the statutory scheme for collection of Federal Family Education Loans, the Court concludes that the language of the Debtor's Plan is ambiguous. The term "current" as used in the Plan cannot equate to "rehabilitated," since that status requires the student loan to be sold to an eligible lender. Specifically, according to the Regulation,

> (a)(2) A loan is considered to be rehabilitated only after ---
>
> (i) The borrower has made and the guaranty agency has received nine of ten qualifying payments required under a monthly repayment agreement.
>
>     (A) A qualifying payment is ---
>         (1) Made voluntarily;
>         (2) In the full amount required; and
>         (3) Received within 20 days of the due date for the payment, and
>
>     (B) All nine payments are received within a 10–month period that begins with the month in which the first required due date falls and ends with the ninth consecutive calendar month following that month, and
>
> (ii) The loan has been sold to an eligible lender.

34 C.F.R. § 682.405(a).

After the loan has been rehabilitated, the borrower regains all the benefits of the student loan program. *See* 34 C.F.R. § 682.405(a)(4). Even assuming the Debtor makes the "qualifying payments" through or outside her Chapter 13 Plan, since an eligible lender cannot be forced to purchase the Debtor's loan, the Debtor cannot deem her loan rehabilitated using the Plan provision. Moreover, it is debatable whether rehabilitation can even be accomplished during bankruptcy. *See Black v. Educ. Credit Mgmt. Corp.,* 459 F.3d 796, 802 (7th Cir. 2006) ("it is not clear whether a borrower in default can rehabilitate her loans through a Chapter 13 proceeding.") The Debtor's Plan provision simply cannot mean rehabilitation under the Regulation.

If not rehabilitated, "deemed current" could mean that the Debtor's student loan is not in payment default. The Debtor's brief observes that, "Often, debtors enter their chapter 13

2

bankruptcies current on their student loans." (ECF No. 34 at 4.) She goes on to argue that unless student lenders deem their loans current at discharge,

> [A] debtor would not be eligible for programs to assist in student loan repayment according to the current Income Contingent Repayment plans. Additionally, a debtor may be subject to tax refund offsets and garnishments as soon as her case is discharged because the student lender can unilaterally determine that the loan is not current at that time.

(*Id*.) The Debtor fails to disclose whether she was current on her student loan obligations as of the date of bankruptcy; from the claims register in her case, it does not appear so. And the Plan purports to pay unsecured creditors only 1% of their claims. (ECF No. 2.) The Debtor's schedules of income and expenses do not suggest that she has sufficient income to pay the student loans "outside the Plan." (ECF No. 1, 39-41.) Accordingly, since the Plan will not cure all payment defaults on the student loan by discharge, "deemed current" also cannot mean that the obligation will not be in default at that time.

Prior to the adoption of Bankruptcy Rule 3002.1, Chapter 13 plans often featured provisions requiring mortgage creditors to "deem current" the debtor's mortgage at confirmation and at the end of a plan. Judge McGarity encountered such provision in *In re Patton*, No. 08-23038, 2008 Bankr. LEXIS 3426 (Bankr. E.D. Wis. 2008). She approved the provision at confirmation, but not at discharge, observing: "[S]uch a provision impermissibly assumes at the time of discharge that the arrearage has been cured in full and no postpetition charges or regular payments to the secured creditor have been missed. . . . This provision in the proposed plans is not allowed." 2008 Bankr. LEXIS 3426 at *14. Similarly here, the Plan provision cannot be interpreted to mean that all of the Debtor's defaults on her student loans will be cured as a matter of law, because that is an impermissible assumption about the Debtor's future payments.

Plan terms must be interpreted consistently with the Bankruptcy Code. Section 1325(a)(3) requires that a Chapter 13 "plan has been proposed in good faith and not by any means forbidden by law." This means that the Plan must be in compliance with federal law. *See* 8 Collier on Bankruptcy ¶ 1325.04[2] (16th ed. 2011) (not by any means forbidden by law "contemplates compliance with other applicable law"). The Debtor's Plan contains a provision that cannot be interpreted as complying with the applicable Regulation, because the Debtor cannot use Chapter 13 to force her loan into rehabilitation status. And even if the Plan provided for sufficient payments to ECMC to cure all monetary defaults, there is simply too much uncertainty to allow the Debtor to predict that she will comply with all of her obligations to ECMC until discharge, and force ECMC to deem her obligation current if she has in fact defaulted in her payments.

ECMC accuses the Debtor of playing "gotcha" by inserting this provision in the Plan. (ECF No. 33 at 4.) The docket shows that ECMC had ample time to object to the Plan before confirmation. On November 15, 2014, ECMC was served with a copy of the Plan with the objectionable provision and notice of the meeting of creditors that stated:

**Proposed Plan; Objection to Plan; Hearing on Confirmation of Plan**

> If the debtor has filed a plan, a copy has been enclosed. If the debtor has not yet filed a plan, you will receive it at a later date. If a party files a written objection to confirmation of the proposed plan no later than 14 days after the completion of the Meeting of Creditors, the Court will schedule a hearing. If no party files a written objection to the plan, the Court may confirm the plan without a hearing. The only persons who will be notified of the hearing date will be the trustee, counsel for the debtor (or the debtor if the debtor is not represented by counsel), the Office of the United States Trustee, the objecting party, and all other persons who specifically request in writing to receive notice.

(ECF No. 9 at 1; ECF No. 8 at 4; ECMC shown on service list *Id.* at 2.)

4

The meeting of creditors was not completed until February 17, 2015, and ECMC had at least until March 3, 2015 to object to confirmation of the Plan. No timely objections were filed, and the Trustee made her confirmation recommendation in a docket entry on March 25, 2015. The Court entered the confirmation order on May 12, 2015. (ECF No. 24.) The appeal period expired on May 26, 2015. Still, ECMC filed nothing. On September 14, 2015, ECMC filed the instant motion to dismiss the Debtor's case. (ECF No. 27.)

As a general rule, "a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan." *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000); *see also* 11 U.S.C. § 1327(a) ("[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.") Included in the general rule are good faith objections based on § 1325(a)(3). *See In re Torres Martinez*, 397 B.R. 158, 165 (B.A.P. 1st Cir. 2008) (Objections based on lack of good faith under § 1325(a)(3) must be made prior to confirmation, and are waived if not timely raised.).

In their briefs, both parties cite *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). In *Espinosa*, the bankruptcy court confirmed a Chapter 13 plan in 1993 that discharged the interest on a student loan, leaving only the principal remaining post-discharge. *Id.* at 265-66. The Debtor completed the plan in 1997. In 2000, the student loan creditor began collection efforts to recover the interest, and in 2003, the debtor filed a motion asking the bankruptcy court to enforce his 1997 discharge. *Id.* The student loan creditor argued that the order confirming the plan was "void" under Federal Rule of Civil Procedure 60(b)(4) because the plan impermissibly modified a student loan debt without an adversary proceeding showing undue hardship. *Id.* at 267-68. The Supreme Court held that despite the bankruptcy court's error in discharging a

portion of a student loan via a plan, not an adversary proceeding, the confirmation order was not "void" because the creditor received actual notice of the filing and contents of the debtor's plan and did not object. *Id*. at 272.

One difference between this case and *Espinosa* is that, due to the timing, the creditor in *Espinosa* was relegated to arguing for a void judgment under Rule 60(b)(4). That provision "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 270. Rule 60(c)(1) states that a motion under Rules 60(b)(1) – (3) must be made within one year of the entry of the judgment or order. This case is different in that ECMC has filed its motion to dismiss within 125 days of the confirmation order. Moreover, the disputed Plan provision is ambiguous; as noted above, the term "deemed current" cannot mean "deemed rehabilitated" and cannot mean "deemed to have cured all defaults" because the Plan payments do not appear calculated to accomplish that.

In *In re Kelly*, 281 B.R. 62 (Bankr. S.D. Ala. 2001), the court confirmed a plan with an ambiguous term for treatment of an IRS claim. IRS moved to dismiss the case approximately 45 days later. Noting that "the ambiguity was not intended by the Debtors and is not due to any misconduct on their part," the bankruptcy court denied the motion to dismiss but applied the "excusable neglect" standard of Rule 60(b)(1) to vacate the order confirming the plan. *Id.* at 67. Part of the rationale for the *Kelly* decision is that notice of a plan with an ambiguous provision is ineffective and does not comply with due process. *Id.* The ambiguity in the Debtor's "deemed current" provision does not provide adequate notice to ECMC. Therefore, unlike the creditor in *Espinosa*, ECMC did not receive appropriate notice and should not be bound by the disputed provision. Using this logic, the Court could construe ECMC's motion to dismiss the case as a

6

motion for relief from the confirmation order under Rule 60(b)(1) as based on "mistake, inadvertence, surprise or excusable neglect."

Some courts do not find Rule 60(b)(1)-(3) applicable to confirmation orders due to the language in Bankruptcy Rule 9024 adopting Rule 60 in bankruptcy cases. Rule 9024 states that a complaint to revoke an order confirming a Chapter 13 plan can only be filed within the 180-day time limit of Bankruptcy Code § 1330. While not necessarily adopting this strict reading of Rule 9024, the Court notes that arguably ECMC's motion raises sufficient allegations of fraud in the confirmation process under Bankruptcy Code § 1330. ECMC points out that the Debtor's counsel has inserted the "deemed current" provision in other plans, and has modified the plans to remove the provision upon ECMC's objection. *See, e.g., In re Craigg*, No. 15-30747-beh (Bankr. E.D. Wis. 2015) (objection to plan filed 10/29/15; plan modified to remove disputed provision 11/23/15). As has been established, the disputed provision violates the Regulation, because the Debtor's Plan cannot force the obligation into rehabilitation status. And, the Debtor's Plan does not call for curing defaults or maintaining current payments to ECMC, rendering a "current" payment status at discharge highly questionable. Accordingly, an argument can be advanced that the Debtor falsely represented that her Plan complied with applicable law. Fraud under § 1330 can be proven by circumstantial evidence "by a showing that the debtor believed or knew the representation was false or made the representation or [sic] in reckless disregard of the truth." *Dep't of Revenue v. Randolph (In re Randolph)*, 273 B.R. 914, 919 (Bankr. M.D. Fla. 2002). The Debtor's counsel apparently knows the disputed provision violates applicable law, but continues to insert the provision into plans, only removing it when ECMC objects. The Debtor's defense of the provision in her brief is suspect; the Debtor

7

never addresses whether she is current with her student loans or how she expects that she will become current when she receives her discharge.

Whether by virtue of alleged fraud in inserting (and refusing to modify the plan in light of ECMC's motion to dismiss) or on the basis of mistake or excusable neglect under Rule 60(b)(1), ECMC has demonstrated cause for relief from the confirmation order in this case. The Court will construe the motion to dismiss as requesting that relief.

IT IS THEREFORE ORDERED: the Order entered May 12, 2015 confirming the Debtor's Plan is vacated.

IT IS FURTHER ORDERED: the Debtor must file a modified plan within 14 days of this Order. If she fails to file a modified plan or request an extension, this case will be dismissed.

Dated: December 14, 2015

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge